## The Surrey.

### Dixon *v.* The Surrey.

*(Circuit Court, S. D. New York. January 2, 1889.)*

**Shipping—Carriage of Goods—Discharge without Notice to Consignee.**
Where a bill of lading provides that the consignee is bound to be ready to receive his goods on ship's readiness to discharge, otherwise that they may be landed without notice, and at his risk, after they leave the deck of the ship, and the consignee is not ready to receive on ship's readiness to discharge, the ship may land the goods, without notice; and if landed in suitable weather, with opportunity to remove them without injury, the vessel is absolved from all further liability. Reversing 26 Fed. Rep. 791.

In Admiralty. On appeal from district court. 26 Fed. Rep. 191.
Libel to recover damages to green fruit through the alleged improper discharge from the steam-ship Surrey on the 24th of January, 1885, in frosty weather. New proofs disclosed the fact that the fruit was discharged on Saturday, January 24, 1885, instead of Monday, January 26th, as found by the court below, and that the weather until late Monday was not so cold as to injure the fruit. The bill of lading provided that, "simultaneously with the ship's being ready to unload the above-mentioned goods, or any part thereof, the consignee of said goods is hereby bound to be ready to receive the same from the ship's side * * * on the wharf at which the ship may lie for discharge, * * * and, in default thereof, the master or agent of the ship * * * are authorized to enter the said goods at the custom-house, and land * * *

them, * * * without notice to, and at the risk and expense of, the said consignee of the goods, after they leave the deck of the ship." The evidence showed that the consignee had no notice of time and place of discharge, and was not ready to receive on ship's readiness to discharge; that the master thereupon landed the fruit on the wharf, where it was destroyed by frost on the night of January 26th; and that other consignees removed their fruit on the 26th without injury.

*Hyland & Zabriskie,* for libelants.

*E. B. Convers,* for claimants.

LACOMBE, J., *(after stating the facts as above.)* The additional evidence introduced in this court clearly shows that the fruit was discharged, not on Monday, January 26th, as the learned district judge assumed, but on Saturday, the 24th. It is also clear from the testimony that it was not until well into the afternoon on Monday that the weather became such as to expose the goods to destruction from frost; and that, if removed any time before 4 P. M. of that day, they would have been found uninjured. I am unable, therefore, to concur in the conclusion that the goods were landed at an improper place or time, nor so as negligently to expose them to obvious peril of destruction. The decree of the district court is reversed, and judgment ordered for the ship on both original and cross libel, with costs of both courts.